IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| EZZAT OUZA, ) | CASE NO.: 9:13-cv-2002-SB |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ANTHONY BUCHANAN, in his official ) | |
|  and individual capacities, ) | |
| ) | |
|    and ) | |
| ) | |
| TOWN OF RIDGELAND, SOUTH ) | |
| CAROLINA, ) | |
| ) | JURY TRIAL DEMANDED |
|    Defendants. ) | |

## COMPLAINT

COMES NOW PLAINTIFF Ezzat Ouza ("Plaintiff"), by his undersigned counsel, and respectfully submits this Complaint for civil rights discrimination against Defendant Anthony Buchanan and Defendant Town of Ridgeland, S.C. ("Defendants"), and states as follows:

### INTRODUCTION

1. This is an action for money and legal damages, and equitable, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Ninth, Fourteenth Amendments to the United States Constitution, and under the law of the State of South Carolina, against patrolman Anthony Buchanan, a police officer of the Town of Ridgeland, South Carolina, in his individual and official capacity, and against the Town of Ridgeland.

2. Plaintiff Ezzat Ouza alleges that Defendant Buchanan made unreasonable searches and seizures of his person and his effects, falsely arrested him, falsely imprisoned him,

1

deprived him equal protection of law, deprived him the right to travel, and deprived him of liberty and property without due process of law, by stopping his vehicle, unduly questioning him regarding his personal effects, searching his personal effects, seizing his personal effects, searching his person, seizing his person, questioning his citizenship status, physically restraining him, arresting him, and imprisoning him, all without justifiable cause. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the Town of Ridgeland and/or as a result of the Town of Ridgeland's failure to properly train its police officers. Plaintiff also alleges that Defendant Town of Ridgeland is liable under the theory of respondeat superior for the torts committed by Defendant Buchanan.

## JURISDICTION AND VENUE

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's causes of action arising under the laws of the South Carolina.

4.     Venue lies in the United States District Court for the District of South Carolina because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in South Carolina and because defendants reside and/or are a municipal corporation located in South Carolina.

## PARTIES

5.     Plaintiff Ezzat Ouza is a citizen and resident of the State of Michigan. Plaintiff speaks English, but it is not his maternal tongue.  As he learned English as an adult, he speaks

English with a foreign accent, which identifies his Arabic ancestry and/or as a non-native English speaker.

6. Plaintiff Ouza was born in Lebanon and came to U.S. in 1978. He became a citizen of the United States in September 12, 1983; Plaintiff is of Lebanese ancestry. His maternal language is Arabic.

7. Defendant Anthony Buchanan was a Patrolman with the Town of Ridgeland Police Department at all times relevant hereto. Upon information and belief, Defendant Buchanan is a resident and citizen of the State of South Carolina. He is sued in his individual and official capacities.

8. Defendant Town of Ridgeland is located in Jasper County, South Carolina. It is a municipal corporation and is the public employer of Defendant Buchanan.

## COMMON ALLEGATIONS

9. On or about July 19, 2012, Plaintiff Ezzat Ouza, along with his son H.O., also a U.S. citizen, left their home in Michigan to visit Mr. Ouza's friend in Kingsland, Georgia.

10. Plaintiff and a friend of his in Georgia were planning on starting a trucking business in Georgia.

11. Plaintiff was a commercial truck driver for eighteen years but has since retired due to physical illness.

12. Plaintiff's fifteen-year-old, H.O., joined Mr. Ouza on the trip because he had rarely traveled about the United States and viewed this trip as a vacation and an opportunity to experience his country.

13. Plaintiff brought $25,000 cash on his trip to Georgia which he had specifically saved and set aside to buy a truck for the start-up business.

14. Plaintiff reasoned that he could purchase a truck at a lower price if he could negotiate with and present a lump sum of cash when dealing with potential sellers.

15. Plaintiff acquired this sum of money by selling his late mother's home in Lebanon.

16. In the early morning of July 20, 2012, Plaintiff and his young son were traveling south on Interstate-95 near Ridgeland, South Carolina.

17. While Plaintiff was traveling southbound in the right lane he passed two patrol cars that were parked in the median between the northbound and southbound lanes.

18. One of the patrol cars entered the southbound lane behind Plaintiff and initiated his blue lights, signaling Plaintiff to pull over.

19. The patrolman, now known to be Sergeant Patterson of Hampton County Police Department, advised Plaintiff that he pulled him over because Plaintiff's car swerved over the road's white barrier line.

20. Plaintiff, however, did not swerve over the white barrier line and was driving lawfully.

21. Sergeant Patterson asked Plaintiff if he was carrying any drugs, weapons, or money. Plaintiff responded that he had no drugs or weapons but was carrying $25,000 and then explained that he was using the money to purchase a truck in Kingsland, Georgia.

22. Mr. Ouza answered several more of Sergeant Patterson's questions, including explaining where he was coming from and how he obtained such large amounts of cash.

23. Sergeant Patterson then searched Plaintiff's car and trunk, and held the container containing the cash.

24. After completing the search without finding any evidence of wrongdoing, Sergeant Patterson returned the cash to Mr. Ouza and informed him he that was free to leave.

25. After being released by Sergeant Patterson, Mr. Ouza and his son H.O. continued southbound on Interstate 95 for several miles.

26. Soon thereafter, the two passed another patrol car, which was positioned at or near an exit ramp on Mr. Ouza's right-hand side.

27. Just after Plaintiff passed by, the patrol car moved from its stationary position and began to follow Plaintiff's vehicle.

28. Plaintiff was again riding in the right lane and the patrolman approached and positioned his patrol car in the left-hand lane so as to place his vehicle immediately to Mr. Ouza's left while driving at the same speed.

29. Mr. Ouza saw the officer look over at him and then the patrol car slowed down, switched to the right lane, and initiated his blue lights so as to signal Mr. Ouza to pull his car over.

30. The patrolman was Defendant Patrolman Anthony Buchanan of the Town of Ridgeland's Police Department. Defendant Buchanan approached Mr. Ouza's vehicle and asked to see Mr. Ouza's driver's license, which Mr. Ouza produced.

31. Defendant Buchanan then asked Mr. Ouza to get out of his vehicle; H.O. continued to sit in the vehicle during the stop.

32. After Plaintiff exited his car, Patrolman Buchanan informed Plaintiff that his emergency lights were on, and began questioning him in a demeaning and derogatory fashion, which was insulting, particularly as it occurred in the presence of Plaintiff's minor son. Defendant Buchman then asked Plaintiff Ouza if he was carrying any drugs, weapons, or money.

33.     Mr. Ouza again explained that he had no drugs or weapons but was carrying $25,000 to Kingsland, Georgia to purchase a truck to use for his start-up business.

34.     Mr. Ouza answered all of Buchanan's questions and explained that he was a U.S. Citizen.

35.     Without any cause, Patrolman Buchanan illegally searched Plaintiff's person and his possessions, and unlawfully and illegal seized the $25,000 cash and placed it in his patrol car.

36.     Buchanan then called the United States Customs office on the telephone. After placing this call, Officer Buchanan explained to Mr. Ouza that he may either wait on the side of the Interstate-95 or follow him to the local police station, but that either way Ouza was detained and must endure further questioning, including by one or more U.S. Customs agents.

37.     Mr. Ouza felt it would be safer for his minor son and him to leave the side of the Interstate so he informed Patrolman Buchanan that he preferred to leave the roadside, and have further questioning conducted at the Ridgeland police station.

38.     Mr. Ouza and his son then drove to the local police station in the Town of Ridgeland, S.C. while 4-6 police cars followed his vehicle.

39.     After arriving at the station, Ezzat Ouza and H.O. were illegally and unlawfully detained against their will, in violation of federal and state laws, and had to wait approximately three hours for a U.S. Customs agent to arrive.

40.     A U.S. Customs agent from the Department of Homeland Security finally arrived. The federal officer and a local police officer took Mr. Ouza to the interrogating room and began questioning him, illegally, unlawfully and without cause.

41.     H.O. was taken into a different interrogating room during the same time and was also interrogated, illegally, unlawfully and without cause.

42. The officers asked Mr. Ouza where he obtained $25,000 cash and Mr. Ouza explained again that he obtained it from selling his mother's house in Lebanon, and was using it to start a business.

43. The officers then informed Mr. Ouza that they were seizing the money and issued him a "Custody Receipt for Seized Property and Evidence," showing seizure of Mr. Ouza's $25,000 cash.

44. After taking the money and completing Mr. Ouza's interrogation, the officer finally let Mr. Ouza and son go free about four o'clock in the afternoon without his $25,000.

45. Because Defendants seized Mr. Ouza's cash, he was unable to purchase the truck and was therefore unable to start his planned business venture. He has been greatly damaged thereby.

46. Mr. Ouza was forced to retain legal counsel and expend considerable cost and time in compelling the return of his seized cash. Even then, the U.S. Government refused to return the entirety of the $25,000 seized by Officer Buchanan and the Town of Ridgeland.

## COUNT I

### 42 U.S.C. § 1983 Against Defendant Buchanan – Unreasonable Searches and Seizures

47. Plaintiff hereby incorporates paragraphs 1 – 46 as if restated herein.

48. This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

49. Plaintiff claims damages against Defendant Buchanan for violations, under color of law, of Plaintiff's constitutional right to be secure against unreasonable searches and seizures of his person and effects.

50.     Defendant Buchanan violated Plaintiff's federally secured right against unreasonable searches and seizures by, illegally, unlawfully, unreasonably, and without cause:

- a. Stopping Plaintiff's vehicle on Interstate-95;
- b. Unnecessarily prolonging the traffic stop;
- c. Interrogating Plaintiff;
- d. Seizing Plaintiff's bag and United States currency therein;
- e. Arresting Plaintiff;
- f. Detaining plaintiff in custody, and
- g. Subjecting Plaintiff to unlawful search and seizure based on "racial profiling," in part based on Plaintiff's physical appearance and accent, including illegal action based on Plaintiff's race, ethnicity and/or national origin. .

51.     As a result of any and/or all of these actions provided above, Defendant Buchanan directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his right to be secure against unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendment to the Constitution of the United States and 43 U.S.C. §1983.

## COUNT II

### 42 U.S.C. § 1983 Against Defendant Buchanan – Deprivation of Liberty Without Due Process of Law

52.     Plaintiff hereby incorporates paragraphs 1 – 51 as if restated herein.

53.     This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States of America.

8

54.	Plaintiff claims damages against Defendant Buchanan for violation, under color of law, of Plaintiff's constitutional right against deprivation of liberty without due process of law.

55.	Defendant Buchanan violated Plaintiff's federally secured right against deprivation of liberty without due process of law by forcing Plaintiff into custody and detention for an extended amount of time, during the unnecessarily prolonged traffic stop, arrest and during the custodial imprisonment at the police station.

56.	As a result, Defendant Buchanan directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his right against deprivation of liberty without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States and 43 U.S.C. §1983.

## COUNT III

### 42 U.S.C. § 1983 Against Defendant Buchanan – Deprivation of Property Without Due Process of Law

57.	Plaintiff hereby incorporates paragraphs 1 –56 as if restated herein.

58.	This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States of America.

59.	Plaintiff claims damages against Defendant Buchanan for violation, under color of law, of Plaintiff's constitutional right against deprivation of property without due process of law.

60.	Defendant Buchanan violated Plaintiff's federally secured right against deprivation of property without due process of law by illegally, unlawfully, and unreasonably seizing causing forfeiture of Plaintiff's bag and United States currency therein.

61. As a result, Defendant Buchanan directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his right against deprivation of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

## COUNT IV

42 U.S.C. § 1983 Against Defendant Buchanan – Deprivation of Equal Protection under Laws

62. Plaintiff hereby incorporates paragraphs 1 – 61 as if restated herein.

63. This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States of America.

64. Plaintiff claims damages against Defendant Buchanan for violation, under color of law, of Plaintiff's constitutional right against deprivation of equal protection under laws.

65. Defendant Buchanan violated Plaintiff's federally secured right against deprivation of equal protection under laws by administering, executing, and applying laws in a disparate, unequal and illegal manner as to Plaintiff because of his race, religion, and/or ethnicity. Defendants unlawfully and illegally used "racial profiling" in such deprivation. Defendant Buchanan committed such violation of Plaintiff's rights by:

    a. Stopping plaintiff's vehicle because of Plaintiff's race, religion, and/or ethnicity;

    b. Interrogating Plaintiff during the traffic stop because of Plaintiff's race, religion, and/or ethnicity;

    c. Seizing Plaintiff's bag and United States currency because of Plaintiff's race, religion, and/or ethnicity;

   d.  Arresting Plaintiff and holding Plaintiff him in custody because of Plaintiff's race, religion, and/or ethnicity;

   e.  Questioning Plaintiff's immigration/citizenship status because of Plaintiff's race, religion, and/or ethnicity;

   f.  Contacting officials from the Department of Homeland Security because of Plaintiff's race, religion, and/or ethnicity.

66. None of the foregoing unlawful practices would have occurred but for Plaintiff's race, religion, and/or ethnicity.

67. As a result, Defendant Buchanan directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his right against deprivation of equal protection under laws, in violation of the Fourteenth Amendment to the Constitution of the United States and 43 U.S.C. §1983.

## COUNT V

### 42 U.S.C. § 1983 Against Defendant Buchanan – Deprivation of Right to Travel

68. Plaintiff hereby incorporates paragraphs 1 – 67 as if restated herein.

69. This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Ninth and Fourteenth Amendment to the U.S. Constitution.

70. Plaintiff claims damages against Defendant Buchanan for violation, under color of law, of Plaintiff's constitutional right against deprivation of equal protection under laws.

71. Defendant Buchanan violated Plaintiff's federally secured right to travel by illegally, unlawfully, unreasonably, and without cause:

   a.  Stopping Plaintiff's vehicle on Interstate-95;

   b.  Unnecessarily prolonging the traffic stop;

      c.      Interrogating Plaintiff;

      d.      Seizing Plaintiff's bag and United States currency therein;

      e.      Arresting Plaintiff;

      f.      Detaining plaintiff in custody, and

      g.      Subjecting Plaintiff to unlawful search and seizure based on "racial profiling," in part based on Plaintiff's accent, including illegal action based on Plaintiff's race, ethnicity and/or national origin..

72. As a result of any and/or all of these actions provided above, Defendant Buchanan directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his right to travel in violation of the Ninth and Fourteenth Amendment to the Constitution of the United States and 43 U.S.C. §1983.

## COUNT VI

### 42 U.S.C. § 1983 Against Defendant Town of Ridgeland, South Carolina

73. Plaintiff hereby incorporates paragraphs 1 – 72 as if restated herein.

74. This claim is authorized and instituted pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Ninth, and Fourteenth Amendments to the Constitution of the United States of America.

75. Plaintiff claims damages against Defendant Town of Ridgeland for violation, under color of law, of Plaintiff's rights secured under federal law.

76. At all times relevant hereto, Town of Ridgeland Police Department developed and maintained policies or customs exhibiting, creating, and/or fostering deliberate indifference to the constitutional rights of some or all persons subject to that Department's jurisdiction, which caused any or all violations of Plaintiff's rights described herein.

77.     At times relevant hereto, it was the policy and/or custom of the Town of Ridgeland Police Department to fail to exercise reasonable care in hiring its police officers, including Defendant Buchanan, thereby failing to adequately prevent constitutional violations on the part of its police officers.

78.     At times relevant hereto, it was the policy and/or custom of the Town of Ridgeland Police Department to inadequately supervise and train its police officers, including Defendant Buchanan, thereby failing to prevent and/or minimize constitutional violations on the part of its police officers.

79.     As a result of the above described policies and customs, police officers of the Town of Ridgeland, including Defendant Buchanan, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but instead would be tolerated.

80.     As a result, Defendant Town of Ridgeland directly and proximately caused damages to Plaintiff and caused Plaintiff to be deprived of his rights secured under federal law, in violation of the Fourth, Ninth, and Fourteenth Amendments to the Constitution of the United States and 43 U.S.C. §1983.

## COUNT VII

False Arrest against Defendant Buchanan and Defendant Town of Ridgeland

81.     Plaintiff hereby incorporates paragraphs 1 – 80 as if restated herein.

82.     This claim arises under the laws of South Carolina.

83.     Defendant Buchanan was at all times relevant hereto an agent, servant, and employee of Defendant Town of Ridgeland.

84. Defendant Buchanan, acting within the scope of his employment with Defendant Town of Ridgeland, intentionally and unlawfully arrested Plaintiff without sufficient cause.

85. As a direct and proximate result of Defendants' false arrest, Plaintiffs suffered substantial damages, including loss of enjoyment, pain and suffering, emotional distress, and other such loss to be proved at trial.

86. Defendants' false arrest arose out of willful, wanton, and/or reckless conduct by Defendants, and Plaintiff is therefore entitled to punitive damages against Defendants in an amount appropriate to punish Defendants and to deter further similar wrongdoing.

87. Defendants are jointly and severally liability for all such damages; Defendant Buchanan is directly liable and Defendant Town of Ridgeland is vicariously liable under the doctrine of respondeat superior.

## COUNT VIII

False Imprisonment against Defendant Buchanan and Defendant Town of Ridgeland

88. Plaintiff hereby incorporates paragraphs 1 – 87 as if restated herein.

89. This claim arises under the laws of South Carolina.

90. Defendant Buchanan was at all times relevant hereto an agent, servant, and employee of Defendant Town of Ridgeland.

91. Defendant Buchanan, acting within the scope of his employment with Defendant Town of Ridgeland, intentionally and unlawfully restrained Plaintiff without sufficient cause.

92. As a direct and proximate result of Defendants' false imprisonment, Plaintiffs suffered substantial damages, including loss of enjoyment, pain and suffering, emotional distress, and other such loss to be proved at trial.

93. Defendants' false imprisonment arose out of willful, wanton, and/or reckless conduct by Defendants, and Plaintiff is therefore entitled to punitive damages against Defendants in an amount appropriate to punish Defendants and to deter further similar wrongdoing.

94. Defendants are jointly and severally liability for all such damages; Defendant Buchanan is directly liable and Defendant Town of Ridgeland is vicariously liable under the doctrine of respondeat superior.

## COUNT IX

Conversion against Defendant Buchanan and Defendant Town of Ridgeland

95. Plaintiff hereby incorporates paragraphs 1 – 94 as if restated herein.

96. This claim arises under the laws of South Carolina.

97. Defendant Buchanan was at all times relevant hereto an agent, servant, and employee of Defendant Town of Ridgeland.

98. In seizing Plaintiff's bag and United States currency therein, Defendant Buchanan, acting within the scope of his employment with Defendant Town of Ridgeland, converted a property interest of Plaintiff's to Defendants use and possession without Plaintiff's authorization or permission and without legal justification.

99. As a direct and proximate result of Defendants' conversion, Plaintiffs suffered substantial damages, including temporary loss of $25,000, interest, loss of opportunity, loss of enjoyment, pain and suffering, emotional distress, humiliation, and other such damages to be proved at trial.

100. Defendants' conversion arose out of willful, wanton, and/or reckless conduct by Defendants, and Plaintiff is therefore entitled to punitive damages against Defendants in an amount appropriate to punish Defendants and to deter further similar wrongdoing.

101. Defendants are jointly and severally liability for all such damages; Defendant Buchanan is directly liable and Defendant Town of Ridgeland is vicariously liable under the doctrine of respondeat superior.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court provide the following equitable and legal remedies for relief:

   A.   Enter judgment in favor of Plaintiffs and against Defendants;

   B.   Enter an order declaring Defendant Buchanan's conduct unconstitutional;

   C.   Enter an order declaring Defendant Town of Ridgeland's customs and/or polices unconstitutional;

   D.   Award Plaintiffs compensatory and punitive damages against Defendants;

   E.   Award Plaintiff's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and any other applicable provisions of law;

   F.   Enter a permanent injunction, upon proper motion, requiring Defendant Town of Ridgeland to adopt appropriate polices related to the hiring and supervision of its police officers; and

   G.   Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY DEMAND

NOW COMES Plaintiff Ouza, by his undersigned counsel, and demands a trial by jury pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for legal damages.

Respectfully submitted, this 19th day of July, 2013.

                     Le Clercq Law Firm, P.C.

                     __s/Ben Le Clercq_____ _____
                     By: Benjamin Scott Whaley Le Clercq
                     William G. DesChamps IV
                     353 North Shelmore, Suite 260
                     Mt. Pleasant, South Carolina 29464
                     Phone: 843 722-3523
                     Email: Ben@LeClercqLaw.com
                     South Carolina Bar No. 65754
                     U.S. District Court # 7453

                     *Counsel for Plaintiff*