IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CIVIL ACTION NO.  9:13-cv-2002-SB

| | | |
|---|---|---|
| Ezzat Ouza, | ) | |
| | ) | |
| Plaintiff, | ) | **ANSWER** |
| vs. | ) | **(Jury Trial Demanded)** |
| | ) | |
| Anthony Buchanan, in his official and individual capacities, | ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| Town of Ridgeland, South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |

The defendants, above named, answering the Complaint of the plaintiff, above named, alleges and says as follows:

1.  The allegations of paragraph 1 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

2.  The allegations of paragraph 2 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

3.  The allegations of paragraph 3 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

4.  The allegations of paragraph 4 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

5.  In response to paragraph 5 of the Complaint, the defendants lack sufficient information as to the particulars of Plaintiff's birth, but admits he speaks with an accent.

6.  That the defendants lack sufficient information to form a belief as to the allegations of paragraph 6 of the Complaint.

7.     That the defendants admit the allegations contained in paragraph 7 of the Complaint.

8.     That the defendants admit the allegations contained in paragraph 8 of the Complaint.

9.     That the defendants lack sufficient information to form a belief as to the allegations of paragraph 9 of the Complaint.

10.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 10 of the Complaint.

11.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 11 of the Complaint.

12.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 12 of the Complaint.

13.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 13 of the Complaint.

14.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 14 of the Complaint.

15.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 15 of the Complaint.

16.    Upon information and belief, the defendants admit the allegations contained in paragraph 16 of the Complaint.

17.    That the defendants lack sufficient information to form a belief as to the allegations of paragraph 17 of the Complaint.

18.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 18 of the Complaint.

19.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 19 of the Complaint.

20.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 20 of the Complaint.

21.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 21 of the Complaint.

22.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 22 of the Complaint.

23.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 23 of the Complaint.

24.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 24 of the Complaint.

25.	That the defendants lack sufficient information to form a belief as to the allegations of paragraph 25 of the Complaint.

26.	That in response to paragraph 26 of the Complaint, these defendants admit the plaintiff was pulled over because his emergency flashers were on, and he was not maintaining his lane of travel, giving probable cause to the officer to initiate a lawful traffic stop.

27.	That in response to paragraph 27 of the Complaint, these defendants admit the plaintiff was pulled over because his emergency flashers were on, and he was not

maintaining his lane of travel, giving probable cause to the officer to initiate a lawful traffic stop.

28.    That in response to paragraph 28 of the Complaint, these defendants admit the plaintiff was pulled over because his emergency flashers were on, and he was not maintaining his lane of travel, giving probable cause to the officer to initiate a lawful traffic stop.

29.    That in response to paragraph 29 of the Complaint, these defendants admit the plaintiff was pulled over because his emergency flashers were on, and he was not maintaining his lane of travel, giving probable cause to the officer to initiate a lawful traffic stop.

30.    That the defendants admit the allegations contained in paragraph 30 of the Complaint.

31.    That the defendants admit the allegations contained in paragraph 31 of the Complaint.

32.    That the defendants deny the allegations contained in paragraph 32 of the Complaint, as stated.  The officer did not examine the plaintiff in a derogatory fashion.

33.    In response to paragraph 33 of the Complaint, defendants admit that Plaintiff said he was carrying $25,000 in cash.

34.    That the defendants admit the allegations contained in paragraph 34 of the Complaint.

35.    That the defendants deny the allegations contained in paragraph 35 of the Complaint, as stated

36. In response to paragraph 36 of the Complaint, it is admitted that Defendant Buchanan telephoned the Office of Homeland Security Customs Office and was informed the customs agent would like to speak to Plaintiff. Plaintiff agreed to go to the station.

37. In response to paragraph 37 of the Complaint, it is admitted that plaintiff consented to come to Ridgeland Police Department to await Customs Department.

38. That the defendants deny the allegations contained in paragraph 38 of the Complaint, as stated.

39. That the defendants deny the allegations contained in paragraph 39 of the Complaint, as stated.

40. In response to paragraph 40 of the Complaint, defendants admit customs came and questioned the pair, but denies as stated.

41. In response to paragraph 41 of the Complaint, defendants admit customs came and questioned the pair, but denies as stated.

42. That the defendants lack sufficient information to form a belief as to the allegations of paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, defendants admit that plaintiff was given a receipt by the Department of Homeland Security who took the money.

44. In response to paragraph 44 of the Complaint, defendants admit Homeland Security took plaintiff's cash, and he then left.

45. That the defendants lack sufficient information to form a belief as to the allegations of paragraph 45 of the Complaint.

46.     That the defendants lack sufficient information to form a belief as to the allegations of paragraph 46 of the Complaint.

47.     In response to the allegations of paragraph 47, the defendants hereby reallege and incorporate by reference paragraphs 1 through 46 as fully and effectively as if set forth herein verbatim.

48.     The allegations of paragraph 48 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

49.     The allegations of paragraph 49 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

50.     That the defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     That the defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     In response to the allegations of paragraph 52, the defendants hereby reallege and incorporate by reference paragraphs 1 through 51 as fully and effectively as if set forth herein verbatim.

53.     The allegations of paragraph 53 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

54.     The allegations of paragraph 54 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the same are denied.

55.     That the defendants deny the allegations contained in paragraph 55 of the Complaint.

56.	That the defendants deny the allegations contained in paragraph 56 of the Complaint.

57.	In response to the allegations of paragraph 57, the defendants hereby reallege and incorporate by reference paragraphs 1 through 56 as fully and effectively as if set forth herein verbatim.

58.	The allegations of paragraph 58 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the  same are denied.

59.	The allegations of paragraph 59 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the  same are denied.

60.	That the defendants deny the allegations contained in paragraph 60 of the Complaint.

61.	That the defendant denies the allegations contained in paragraph 61 of the Complaint.

62.	In response to the allegations of paragraph 62, the defendants hereby reallege and incorporate by reference paragraphs 1 through 61 as fully and effectively as if set forth herein verbatim.

63.	The allegations of paragraph 63 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the  same are denied.

64.	The allegations of paragraph 64 of the Complaint are conclusions of law which need not be admitted or denied.  If said response is required, the  same are denied.

65.	That the defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     The allegations of paragraph 66 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

67.     That the defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     In response to the allegations of paragraph 68, the defendants hereby reallege and incorporate by reference paragraphs 1 through 67 as fully and effectively as if set forth herein verbatim.

69.     The allegations of paragraph 69 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

70.     The allegations of paragraph 70 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

71.     That the defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     That the defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     In response to the allegations of paragraph 73, the defendants hereby reallege and incorporate by reference paragraphs 1 through 72 as fully and effectively as if set forth herein verbatim.

74.     The allegations of paragraph 74 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

75.     The allegations of paragraph 75 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

76.     That the defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     That the defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     That the defendants deny the allegations contained in paragraph 78 of the Complaint.

79.     That the defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     That the defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     In response to the allegations of paragraph 81, the defendants hereby reallege and incorporate by reference paragraphs 1 through 80 as fully and effectively as if set forth herein verbatim.

82.     The allegations of paragraph 82 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

83.     The allegations of paragraph 83 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

84.     That the defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     That the defendants deny the allegations contained in paragraph 85 of the Complaint.

86. That the defendants deny the allegations contained in paragraph 86 of the Complaint.

87. That the defendants deny the allegations contained in paragraph 87 of the Complaint.

88. In response to the allegations of paragraph 88, the defendants hereby reallege and incorporate by reference paragraphs 1 through 87 as fully and effectively as if set forth herein verbatim.

89. The allegations of paragraph 89 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

90. That the defendants admit the allegations contained in paragraph 90 of the Complaint.

91. In response to paragraph 91 of the Complaint, defendants admit that Defendant Buchanan was in the scope of employment and denies that there was any false imprisonment.

92. That the defendants deny the allegations contained in paragraph 92 of the Complaint.

93. That the defendants deny the allegations contained in paragraph 93 of the Complaint.

94. That the defendants deny the allegations contained in paragraph 94 of the Complaint.

95. In response to the allegations of paragraph 95, the defendants hereby reallege and incorporate by reference paragraphs 1 through 94 as fully and effectively as if set forth

herein verbatim.

96. The allegations of paragraph 96 of the Complaint are conclusions of law which need not be admitted or denied. If said response is required, the same are denied.

97. That the defendants admit the allegations contained in paragraph 97 of the Complaint.

98. That the defendants deny the allegations contained in paragraph 98 of the Complaint.

99. That the defendants deny the allegations contained in paragraph 99 of the Complaint.

100. That the defendants deny the allegations contained in paragraph 100 of the Complaint.

101. That the defendants deny the allegations contained in paragraph 101 of the Complaint.

102. That the defendants deny each and every allegation not specifically admitted.

## FURTHER ANSWERING THE COMPLAINT

## AND AS AN AFFIRMATIVE DEFENSE THERETO,

## THE DEFENDANTS ALLEGE AND SAY:

### (12(b)(6))

103. That the Complaint fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6).

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

**(Tort Claims Act)**

104.   That the defendants avail themselves of the retained immunities of the South Carolina Tort Claims Act including the statutory retained immunities, the prohibition of punitive damages and the cap of $300,000 damages.

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

**(Qualified Immunity/Tort Claims Act)**

105.   That Officer Buchanan is entitled to be dismissed on the basis of qualified immunity.

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

**(Consent)**

106.   That Plaintiff consented to the search of his vehicle and consented to coming to the Town of Ridgeland Police Station and was not detained against his will.

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

(Intervening of Superceding Acts)

107.   That these defendants are not responsible for intervening of superceding acts of third parties.

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

(Actions of Homeland Security)

108.   That these defendants are not responsible for the actions of The United States Government, Department of Homeland Security.

**FURTHER ANSWERING THE COMPLAINT**

**AND AS AN AFFIRMATIVE DEFENSE THERETO,**

**THE DEFENDANTS ALLEGE AND SAY:**

(Accord and Satisfaction/Release/
*Res Judicata*/Collateral Estoppel)

109.   That plaintiff reached some kind of resolution of the matter with The United States Government, Department of Homeland Security and this should constitute a complete defense to this action and if accomplished via some consent order or other judicial or administrative proceeding, *Res Judicata* or collateral estoppel.

## FURTHER ANSWERING THE COMPLAINT

## AND AS AN AFFIRMATIVE DEFENSE THERETO,

## THE DEFENDANTS ALLEGE AND SAY:

### (Setoff/Offset)

110. That upon information and belief, some amount of the $25,000 currency was retained by The U. S. Department of Homeland Security and defendants would be entitled to a credit or offset if they are not entitled to an outright dismissal.

## FURTHER ANSWERING THE COMPLAINT

## AND AS AN AFFIRMATIVE DEFENSE THERETO,

## THE DEFENDANTS ALLEGE AND SAY:

### (Absolute Immunity)

111. That to the extent the defendants were acting at the request of The U. S. Department of Homeland Security they should be immune from any suit and otherwise be entitled to all immunities and protections of the Federal Tort Claims Act.

CLAWSON AND STAUBES, LLC

s/Timothy A. Domin
Timothy A. Domin
District of S. C. Federal Bar No. 5828
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492-8144
(843) 577-2026

Attorney for the Defendants

Charleston, South Carolina

October 25, 2013